1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STANTON HARRY MCCAIN, II,

                Plaintiff,

     v.

DEPARTMENT OF CORRECTIONS, et al.,

                Defendant.

CASE NO. 3:20-cv-05650-RSM-BAT

**REPORT AND RECOMMENDATION**

Plaintiff, Stanton Harry McCain, II, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner currently confined at Monroe Correctional Center – Twin Rivers Unit (MCC-TRU). Currently pending before the Court is defendants Department of Corrections (DOC) and Stephen Sinclair's motion to dismiss.[1]  Dkt. 13.

For the reasons below, the Court recommends defendants' motion (Dkt. 13) be GRANTED and the claims against defendants DOC and Stephen Sinclair be dismissed with prejudice.

---

[1] The remaining defendants filed an answer on September 14, 2020 (Dkt. 15).

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

In his complaint, plaintiff alleges defendant Naima Neghmouche, a corrections officer at MCC-TRU, engaged in acts of retaliation against him for filing a PREA (Prison Rape Elimination Act) complaint against her. Dkt. 5. Specifically, plaintiff claims he filed a PREA complaint against defendant Neghmouche after she intentionally shined her flashlight and continuously stared at him while he was using the toilet in his cell, despite his requests for privacy. *Id.* Plaintiff alleges defendant Neghmouche subsequently retaliated against him for filing the PREA complaint by purposefully closing the cell door on plaintiff's injured foot several times and fabricating a major infraction ("509') against plaintiff. *Id.* Plaintiff names as defendants Corrections Officer Naima Negmouche, Department of Corrections, PREA Specialist Michelle Henderling, and DOC Secretary Stephen Sinclair. *Id.* As relief, plaintiff requests the removal of the "509" major infraction from his record. *Id.*

Defendants DOC and Stephen Sinclair now move to dismiss plaintiff's claims against them. Dkt. 13. Plaintiff opposes the motion. Dkt. 21.

**STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.*; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of

sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

While the Court must accept all the allegations contained in a complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 472.

Ordinarily, a prisoner should be granted leave to amend to address the deficiencies in his complaint. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). However, "district courts are only required to grant leave to amend if a complaint can possibly be saved"; leave to amend is not required "if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); *Plumeau v. Sch. Dist. # 40 Cnty. of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile). Moreover, the Court need not grant endless amendments. *Foman v. Davis* 371 U.S. 178, 182 (1962) (leave to amend may properly be denied for "repeated failure to cure deficiencies by amendments previously allowed").

## DISCUSSION

**A.    Department of Corrections**

The DOC is an arm of the State of Washington and is not a proper defendant in a 42 U.S.C. § 1983 action. Section 1983 applies to the actions of "persons" acting under the color of state law. "Neither states, nor entities that are arms of the state, are 'persons' for purposes of § 1983." *Johnson v. Washington*, 2019 WL 5223048, at *1 (W.D. Wash. Sept. 17, 2019), *report and recommendation adopted*, 2019 WL 5213116 (W.D. Wash. Oct. 16, 2019); *see also Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989). Additionally, there is no evidence the State of Washington has waived its Eleventh Amendment immunity in federal courts. Therefore, the DOC cannot be sued under § 1983.

The nature of plaintiff's claims against DOC are such that they are not capable of being cured through amendment. *See Plumeau*, 130 F.3d at 439. Accordingly, defendants' motion to dismiss DOC as a defendant should be GRANTED and the claims against DOC should be dismissed with prejudice.

**B.    Defendant Sinclair**

Plaintiff's complaint also fails to include any specific allegations against defendant Sinclair. In fact, apart from being listed as a defendant, the body of the complaint does not appear to mention defendant Sinclair at all. Thus, the complaint fails to allege personal participation by defendant Sinclair in the alleged deprivation of plaintiff's constitutional rights.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266,

271 (1994). Here, plaintiff's complaint alleges defendant Neghmouche violated plaintiff's rights by engaging in acts of retaliation against plaintiff for filing a PREA complaint.

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Furthermore, a § 1983 suit cannot be based on vicarious liability alone but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989). A supervisor is only liable for the constitutional violations of his or her subordinates if (1) the supervisor participated in or directed the violations; or (2) knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, the complaint provides no explanation of how defendant Sinclair's actions contributed to the actions of MCC-TRU staff in allegedly retaliating against plaintiff for filing a PREA complaint. *Id.* In fact, the complaint appears to allege no conduct by defendant Sinclair at all. *Id.* Plaintiff has not alleged any act, or failure to act, by defendant Sinclair with any causal link to his alleged harm. *See Gordon*, 888 F.3d at 1124-25. Absent such a link, defendant Sinclair cannot be held liable for the conduct of the prison staff. *Taylor*, 880 F.2d at 1045. In opposition to defendants' motion to dismiss, plaintiff argues generally that "the results of a jury trial will procure their [defendants DOC and Sinclair] level of responsibility" and that the claims against defendant Sinclair should be maintained "due to [Sinclair's] obligatory duty sworn under oath to ensure the

safety of the incarcerated to be from harm from his employees[.]" Dkt. 21. But plaintiff's opposition offers no new facts and appears to rely on the theory of vicarious liability alone which is insufficient for purposes of stating a § 1983 claim. Accordingly, plaintiff has failed to state a claim against defendant Sinclair upon which relief can be granted.

Plaintiff's response to the motion to dismiss offers no new facts and gives no indication that plaintiff can cure the claims against defendant Sinclair through amendment. *See Plumeau*, 130 F.3d at 439. Accordingly, the Court recommends the claims against defendant Sinclair be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, defendants DOC and Stephen Sinclair's motion to dismiss (Dkt. 13) should be GRANTED and plaintiff's claims against defendants DOC and Stephen Sinclair should be dismissed with prejudice.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **November 4, 2020.** The Clerk should note the matter for **November 6, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and

REPORT AND RECOMMENDATION - 6

responses shall not exceed **eight (8)** pages.  The failure to timely object may affect the right to

appeal.

DATED this 21st day of October, 2020.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7