1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STANTON HARRY MCCAIN, II,

                Plaintiff,

    v.

DEPARTMENT OF CORRECTIONS, et al.,,

                Defendant.

CASE NO. C20-05650-RSM-BAT

ORDER ADOPTING REPORT AND RECOMMENDATION

## I.      INTRODUCTION

This matter comes before the Court on the Report and Recommendation ("R & R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge.  Dkt. #11.  Plaintiff Stanton Harry McCain, II, proceeding pro se and in forma pauperis, brings this 42 U.S.C. § 1983 civil rights action against Defendants Washington state Department of Corrections ("DOC") and staff at the Monroe Correctional Center – Twin Rivers Unit ("MCC-TRU") where he is currently confined. Dkt. #5.  Having considered Plaintiff's complaint, the R & R, Plaintiff's Objections, and the remainder of the record, the Court approves and adopts the R & R as set forth below.

## II.      BACKGROUND

The Court incorporates by reference the factual background as set forth in the R & R.  *See* Dkt. #22 at 2.  Plaintiff alleges that after he filed a Prison Rape Elimination Act ("PREA") complaint against a corrections officer, Defendant Neghmouche, she engaged in several acts of

ORDER ADOPTING REPORT AND
RECOMMENDATION - 1

retaliation against him including shining her flashlight as he used the toilet, purposefully closing the cell door on his injured foot, and fabricating a major infraction against him ("the 509 infraction"). Dkt. #5. Plaintiff also names as defendants Michelle Henderling, another MCC-TRU employee, and Stephen Sinclair, the DOC Secretary. *Id.*

On September 14, 2020, Defendants moved to dismiss Plaintiff's claims against Defendants DOC and Sinclair, Dkt. #13, which Plaintiff opposed, Dkt. #17. The R & R recommends granting Defendants' motion to dismiss and dismissing claims against DOC and Defendant Sinclair with prejudice on the basis that (1) the DOC cannot be sued under Section 1983; and (2) the complaint fails to include any specific allegations against Defendant Sinclair, and gives no indication that Plaintiff can cure his claims against Defendant Sinclair through further amendment. Dkt. #22 at 4-6. Plaintiff filed Objections on October 28, 2020. Dkt. #23.

### III.    DISCUSSION

**A. Legal Standard**

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

As an initial matter, Defendants and Plaintiff filed a Response and Reply on November 18, 2020 and November 25, 2020, respectively. *See* Dkts. ##24, 25. Because parties must respond to objections within 14 days from the date the objection is filed and served, Defendants served an

ORDER ADOPTING REPORT AND
RECOMMENDATION - 2

untimely response without leave from the Court. *See* Dkts. #22 at 6; *see also* Fed. R. Civ. P. 72(b)(2). Furthermore, Plaintiff's reply is procedurally improper given that the Federal Rules do not authorize filing a reply brief for objections to an R & R. *See id.* For these reasons, the Court will not consider either filing.

Turning to the Objections, Plaintiff objects to dismissal of his claims against DOC and Defendant Sinclair on the basis that (1) he only seeks injunctive relief, not monetary damages; and (2) Defendant Sinclair denied Plaintiff's appeal to the DOC regarding the allegedly false 509 infraction, thereby taking "partial responsibility" for Defendant Neghmouche's action. Dkt. #23 at 1-2. The Court will address each argument in turn.

**B. Claims against DOC**

First, Plaintiff's objection that he only seeks injunctive relief does not cure the deficiency of his Section 1983 claim against the DOC. As set forth in the R & R, Section 1983 only applies to actions of "persons" acting under the color of state law. *See* 42 U.S.C. § 1983. For that reason, "[n]either states, nor entities that are arms of the state, are 'persons' for purposes of § 1983." *Johnson v. Washington*, 2019 WL 5223048, at *1 (W.D. Wash. Sept. 17, 2019), *report and recommendation adopted*, 2019 WL 5213116 (W.D. Wash. Oct. 16, 2019). Because the DOC is an arm of Washington state, it cannot be sued under Section 1983—regardless of the type of relief Plaintiff seeks. This deficiency cannot be cured through amendment. Accordingly, Plaintiff's claims against the DOC are properly dismissed with prejudice.

**C. Claims against Defendant Sinclair**

Next, Plaintiff objects to dismissal of his claims against Defendant Sinclair on the basis that Sinclair "chose to take partial responsibility" for Defendant Neghmouche's retaliatory acts by denying Plaintiff's appeal. Dkt. #23 at 2. As an initial matter, the R & R did not consider this

factual allegation because it was not contained in Plaintiff's original complaint. *See* Dkt. #13 at 3 ("[I]t does not appear that the body of the complaint contains any allegations against Sinclair."). However, even if the Court considers this new allegation for purposes of whether Plaintiff should be granted leave to amend, this claim is insufficient to sustain a Section 1983 claim against Sinclair.

Plaintiff argues that Sinclair is liable under Section 1983 for Defendant Neghmouche's actions because he denied Plaintiff's appeal related to the 509 infraction. However, because there is no respondeat superior liability under Section 1983, "each Government official, his or her title notwithstanding, *is only liable for his or her own misconduct*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009) (emphasis added). Consequently, to bring a claim under Section 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676.

A defendant may be liable as a supervisor under Section 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (internal quotations and citation omitted). A supervisor therefore may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates"; for "his acquiescence in the constitutional deprivations of which the complaint is made"; or for "conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1205-06 (citation omitted); *see also Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013).

Here, Plaintiff makes no showing that Sinclair directed or participated in the alleged misconduct by Defendant Neghmouche, or that Sinclair failed to act to prevent Neghmouche's

actions. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."). On the contrary, he merely claims that Sinclair denied Plaintiff's appeal and, in doing so, "did fail in its/his obligatory duty to procure the safety of all the incarcerated placed in his/its care." Dkt. #23 at 2. This claim is not only vague and conclusory, but it also fails to plead personal participation by Sinclair in the alleged past retaliatory act by Defendant Neghmouche.

For these reasons, the Court finds that the R & R properly dismissed Plaintiff's claims against Defendant Sinclair. Likewise, it correctly determined that Plaintiff has given no indication he can cure these claims through further amendment. Plaintiff's claims against Defendant Sinclair are therefore dismissed with prejudice.

## IV.    CONCLUSION

Having reviewed the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge, Plaintiff's Objections, and the remaining record, the Court finds and ORDERS:

(1)    The Court ADOPTS the Report and Recommendation, Dkt. #22.

(2)    Defendants' motion to dismiss, Dkt. #13, is GRANTED. The claims against defendants Department of Corrections (DOC) and Stephen Sinclair are dismissed with prejudice.

(3)    The Clerk is directed to send copies of this Order to the parties and to Judge Tsuchida.

ORDER ADOPTING REPORT AND
RECOMMENDATION - 5

Dated this 7th day of December, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE