UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STANTON HARRY MCCAIN, II,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　　　Defendant. | CASE NO. 3:20-cv-05650-RSM-BAT<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO SEAL/FOR PROTECTIVE ORDER, GRANTING DEFENDANTS' MOTION FOR EXTENSION, AND DENYING PLAINTIFF'S MOTION TO STRIKE** |

Plaintiff, Stanton Harry McCain, II, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner currently confined at Monroe Correctional Center – Twin Rivers Unit (MCC-TRU). Currently pending before the Court are Defendants' motions: (1) for summary judgment[1] (Dkt. 27), (2) to seal and for a protective order (Dkt. 32), and (3) for extension of time (Dkt. 34). Also pending are Plaintiff's: (1) request for extension of time to respond to defendants' motion for summary judgment (Dkts. 33, 36); and (2) request to strike the declaration of Diana Rule and supporting exhibits submitted

---

[1] Defendants' motion for summary judgment (Dkt. 27) will be addressed by a separate Report and Recommendation.

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO SEAL/FOR PROTECTIVE
ORDER, GRANTING DEFENDANTS'
MOTION FOR EXTENSION, AND DENYING
PLAINTIFF'S MOTION TO STRIKE - 1

in support of Defendants' motion for summary judgment (Dkt. 38). Having considered the parties' submissions, the balance of the record, and the governing law, the Court orders that Defendants' motion to seal and for a protective order (Dkt. 32) is GRANTED, in part, and DENIED, in part; both parties' requests for extension of time (Dkts. 34, 33, 36) are GRANTED; and Plaintiff's request to strike (Dkt. 38) is DENIED.

## BACKGROUND

In his complaint, Plaintiff alleges Defendant Naima Neghmouche, a corrections officer at MCC-TRU, engaged in acts of retaliation against him for filing a PREA (Prison Rape Elimination Act) complaint against her. Dkt. 5. Specifically, Plaintiff claims he filed a PREA complaint against Defendant Neghmouche after she intentionally shined her flashlight and continuously stared at him while he was using the toilet in his cell, despite his requests for privacy. *Id.* Plaintiff alleges Defendant Neghmouche subsequently retaliated against him for filing the PREA complaint by purposefully closing the cell door on Plaintiff's injured foot several times and fabricating a major infraction ("509') against Plaintiff. *Id.* Plaintiff's complaint names as Defendants Corrections Officer Naima Negmouche, the Department of Corrections (DOC), PREA Specialist Michelle Henderling, and DOC Secretary Stephen Sinclair. *Id*. As relief, Plaintiff requests the removal of the "509" major infraction from his record. *Id.* By order dated December 7, 2020, Defendants DOC and Sinclair were dismissed from the action. Dkt. 26.

On January 21, 2021, the remaining Defendants, Negmouche and Henderling, filed a motion for summary judgment. Dkt. 27. On the same day Defendants also filed a motion to seal and for a protective order with respect to video footage submitted in support of their motion for summary judgment. Dkts. 27, 28 (Ex. 7), 32. Defendants request that if any part of the motion to

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO SEAL/FOR PROTECTIVE
ORDER, GRANTING DEFENDANTS'
MOTION FOR EXTENSION, AND DENYING
PLAINTIFF'S MOTION TO STRIKE - 2

1  seal/for a protective order is denied that they be allowed the opportunity to withdraw the video

2  submitted in support of their motion. Dkt. 32. Plaintiff opposes the motion for summary

3  judgment and the motion to seal/for a protective order. Dkts. 33, 36. In opposing Defendants'

4  motions for summary judgment and to seal/for a protective order Plaintiff argues in part that he

5  did not receive any of the exhibits purportedly attached to the declaration of Dianna Rule

6  submitted in support of Defendants' motion for summary judgment, and that he should also be

7  entitled to view the video submitted in support of Defendants' motion. *Id.* Plaintiff requests an

8  extension of time to respond to defendants' summary judgment motion on this basis. Dkt. 36, at

9  3. In light of Plaintiff's assertion that he had not received certain exhibits, Defendants also

10 moved to extend the deadlines for Plaintiff's response to the motion and Defendants' reply and

11 indicated that they would provide the missing exhibits to Plaintiff. Dkt. 34.

12    On February 17, 2021, Plaintiff filed a surreply to the motion to seal/for a protective

13 order. Dkt. 38. In his surreply Plaintiff acknowledges receiving the missing exhibits, with the

14 exception of the video footage, and argues again that he should be permitted to view the video

15 footage submitted by defendants. *Id.* Plaintiff also argues that the declaration of Diana Rule and

16 the attached exhibits should be stricken due to "inaccuracies." *Id.* On March 4, 2021, Defendants

17 filed a reply to their motion for summary judgment arguing that Plaintiff's surreply to the motion

18 to seal/for a protective order constitutes a supplemental response to the motion for summary

19 judgment and that they are entitled to summary judgment on the current record. Dkt. 39.

20 //

21 //

22 //

23 ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO SEAL/FOR PROTECTIVE
ORDER, GRANTING DEFENDANTS'
MOTION FOR EXTENSION, AND DENYING
PLAINTIFF'S MOTION TO STRIKE - 3

# DISCUSSION

## A. Motion to Seal and for Protective Order

Defendants request that the Court "permit Defendants to not provide [Plaintiff] access to the video" submitted in support of the motion for summary judgment citing security reasons. Dkt. 32, at 4. The Court construes this as a request for a protective order. Defendants also request that the video filed with the Court remain under seal and not viewable to the general public due to security concerns. Dkts. 32, 28 (Ex. 7), 31. Plaintiff opposes the motion, arguing that he should be permitted to view the video in order to properly respond to Defendants' motion for summary judgment. Dkts. 32, 36.

Pursuant to Federal Rule of Civil Procedure 26(c)(1), a court may, for good cause, issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Defendants request that Plaintiff not be permitted access to the video and, if the Court does grant him access, that he be limited to viewing the video and not be permitted to retain a copy. Dkt. 32, at 4. Defendants argue that "revealing the specific location of the surveillance cameras would be a significant concern in this particular situation given that the footage shows the camera placement in the unit where [Plaintiff] is currently located." *Id.*, at 3-4. Defendants also express concerns that Plaintiff may share the information regarding the camera locations with other individuals in his unit. *Id.* Defendants' request that in the event the Court denies any part of their motion to seal/for a protective order that they be allowed the opportunity to withdraw the video in support for their motion for summary judgment. *Id.*

The Court denies defendants' request to bar Plaintiff from viewing the video evidence entirely. Plaintiff's claims relate to alleged retaliatory actions by Defendants at MCC-TRU and

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO SEAL/FOR PROTECTIVE
ORDER, GRANTING DEFENDANTS'
MOTION FOR EXTENSION, AND DENYING
PLAINTIFF'S MOTION TO STRIKE - 4

Defendants represent that at least portions of the incident are captured on the video footage in question. As such, the Court finds Plaintiff should be permitted to view the video in order to properly respond to Defendants' motion for summary judgment. Accordingly, on or before **April 1, 2021,** defense counsel shall either: (1) arrange to facilitate a supervised viewing by Plaintiff of the video at issue[2], or (2) shall notify the Court and Plaintiff that they intend to withdraw the video and the Court will not consider the video or any arguments pertaining thereto in deciding defendants' motion for summary judgment.[3]

Defendants also request that the video submitted to the Court remain under seal and not viewable by the public. Local Civil Rule 5(g) provides a document should be filed under seal:

> (A) if a statute, rule, or prior court order expressly authorizes the party to file the document under seal; or
> (B) if the party files a motion or stipulated motion to seal the document before or at the same time the party files the sealed document. Filing a motion or stipulated motion to seal permits the party to file the document under seal without prior court approval pending the court's ruling on the motion to seal. The document will be kept under seal until the court determines whether it should remain sealed.

Here, the Court finds that the security and safety reasons detailed in Defendants' motion warrant continued sealing of the video footage from the general public. Accordingly, the request to seal is granted. The video submitted by Defendants in support of their motion for summary judgment (Dkt. 28, Ex. 7, Dkt. 31) shall remain under seal with the Court pursuant to the terms of LCR 5.

//

---

[2] If Defendants' arrange for a supervised viewing of the video, no copies of the video should be provided to Plaintiff. This approach provides Plaintiff adequate access to the video for purposes of litigating this case, while mitigating security concerns pertaining to disclosure of the video.

[3] The Court notes that it has not yet viewed the video evidence and will refrain from doing so pending Defendants' decision to either arrange for Plaintiff to view the video or to withdraw the video from consideration.

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO SEAL/FOR PROTECTIVE
ORDER, GRANTING DEFENDANTS'
MOTION FOR EXTENSION, AND DENYING
PLAINTIFF'S MOTION TO STRIKE - 5

**B.     Motion for Extension**

In opposing Defendants' motions for summary judgment and to seal/for a protective order Plaintiff argued that he did not receive any of the exhibits purportedly attached to the declaration of Dianna Rule submitted in support of Defendants' motion for summary judgment, and that he should also be entitled to view the video submitted in support of Defendants' motion. Dkts. 33, 36. Defendants also moved to extend the deadlines for Plaintiff's response to their motion for summary judgment as well as their reply based on Plaintiff's assertion and indicated they would provide the missing exhibits. Dkt. 34. It appears that Plaintiff has now received the missing exhibits, with the exception of the video footage (Dkt. 28, Ex. 7, Dkt. 31). Dkt. 38.

In light of the Court's ruling on Defendants' motion to seal/for a protective order, the Court grants the parties' requests for extension (Dkts. 33, 34, 36). Plaintiff's response to defendants' motion for summary judgment shall be submitted by **April 22, 2021**. Plaintiff is advised that his response should include any and all arguments and evidence he intends to assert in opposition to defendants' motion for summary judgment. The Clerk is directed to re-note defendants' motion for summary judgment (Dkt. 27) to **April 30, 2021**.

**C.     Plaintiff's Request to Strike**

Plaintiff filed a surreply to Defendants' motion to seal in which he also argues that the declaration of Diana Rule and the exhibits attached thereto should be stricken due to "inaccuracies."[4] Dkt. 38. The Court sees no valid basis to strike the subject documents at this

---

[4] The Court notes that Defendants filed a reply to the motion for summary judgment arguing that Plaintiff's surreply to the motion to seal constitutes a supplemental response to the motion for summary judgment and that they are entitled to summary judgment on the current record. Dkt. 39. Under the circumstances, and particularly given the current procedural posture of the case, the Court declines to

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO SEAL/FOR PROTECTIVE
ORDER, GRANTING DEFENDANTS'
MOTION FOR EXTENSION, AND DENYING
PLAINTIFF'S MOTION TO STRIKE - 6

time. Plaintiff is free to raise these arguments regarding his version of events and any challenges to Defendants' evidence in his response to Defendants' motion for summary judgment.

### CONCLUSION

For the forgoing reasons, the Court hereby ORDERS:

(1) Defendants' motion to seal and for a protective order (Dkt. 32) is GRANTED, in part, and DENIED, in part.

    a. On or before **April 1, 2021,** defense counsel shall either: (1) arrange to facilitate a supervised viewing by Plaintiff of the video at issue, or (2) shall notify the Court and Plaintiff that they intend to withdraw the video and the Court will not consider the video or any arguments pertaining thereto in deciding defendants' motion for summary judgment.

    b. The video submitted by Defendants in support of their motion for summary judgment (Dkt. 28, Ex. 7, Dkt. 31) shall remain under seal with the Court pursuant to the terms of LCR 5.

(2) The parties' requests for an extension of time (Dkt. 33, 34, 36) are GRANTED. Plaintiff's response to defendants' motion for summary judgment is due by **April 22, 2021**. Plaintiff is advised that his response should include any and all arguments and evidence he intends to assert in opposition to defendants' motion for summary judgment. The Clerk is directed to re-note defendants' motion for summary judgment (Dkt. 27) to **April 30, 2021**.

---

construe Plaintiff's surreply to Defendants' motion to seal as a supplemental or complete response to Defendants' motion for summary judgment.

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO SEAL/FOR PROTECTIVE
ORDER, GRANTING DEFENDANTS'
MOTION FOR EXTENSION, AND DENYING
PLAINTIFF'S MOTION TO STRIKE - 7

1  (3) Plaintiff's request to strike the declaration of Diana Rule and attached exhibits, raised in

2  his surreply to Defendants' motion to seal, (Dkt. 38) is DENIED.

3  (4) The Clerk is directed to provide copies of this order to the parties.

4  DATED this 11th day of March, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO SEAL/FOR PROTECTIVE
ORDER, GRANTING DEFENDANTS'
MOTION FOR EXTENSION, AND DENYING
PLAINTIFF'S MOTION TO STRIKE - 8