UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STANTON HARRY MCCAIN, II,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendant. | CASE NO. C20-05650-RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EVIDENTIARY HEARING |

## I.     INTRODUCTION

This matter comes before the Court on referral from the Honorable Brian A. Tsuchida, United States Magistrate Judge, pursuant to Fed. R. Civ. P. 72.  Plaintiff Stanton Harry McCain, II, proceeding pro se, has filed a motion entitled Motion for Evidentiary Hearing to equate value & necessity of evidences under Disclosure Request & notice for Record, Dkt. #66, which this Court construes as objections to Judge Tsuchida's Order dated July 28, 2021 that denied Plaintiff's motion for reconsideration and denied his request for another time extension.  Plaintiff has revised this motion by attaching his response to Defendants' summary judgment motion as an appendix. Dkt. #70.  For the reasons set forth below, Plaintiff's motion is DENIED.

## II.    BACKGROUND

Plaintiff brings this 42 U.S.C. § 1983 civil rights action against staff at the Monroe Correctional Center – Twin Rivers Unit ("MCC-TRU") where he is currently confined.  Dkt. #5.

ORDER DENYING PLAINTIFF'S MOTION
FOR EVIDENTIARY HEARING - 1

Plaintiff alleges that after he filed a Prison Rape Elimination Act complaint against a corrections officer, Defendant Neghmouche, she engaged in several acts of retaliation against him. *Id.*

Defendants' motion for summary judgment in this matter has been pending since January 2021. Dkt. #27. On May 25, 2021, Defendants sought an order finding that Plaintiff's refusal to go to the law library to view the surveillance video submitted in support of Defendants' motion for summary judgment should be construed as a waiver of that opportunity. Dkt. #50. Alternatively, Defendants requested that the Court order Plaintiff to either accept the reasonable viewing opportunity arranged by Defendants or notify the Court that he waives the viewing.

On July 2, 2021, Judge Tsuchida ordered that Defendants arrange for Plaintiff to view the surveillance video in the law library in accordance with health and safety precautions, to provide someone to push Plaintiff's wheelchair to and from the law library, and to provide reasonable accommodation for Plaintiff's medical and bathroom needs during his viewing of the surveillance video. Dkt. #59 at 3. The Court further ordered that if Plaintiff declined the opportunity to view the video, he would be deemed to have waived viewing of the video. *Id.* Lastly, the Court ordered that Plaintiff may file a response to Defendants' motion for summary judgment on or before July 26, 2021.

On July 27, 2021, Plaintiff moved the Court to reconsider its Order denying his request for an additional 45 days to respond to Defendants' summary judgment motion. Dkt. #63. Plaintiff's motion discussed barriers to his viewing the surveillance video within the prescribed deadline, but also mentioned that he had filed public records requests, for which "a search is being conducted and response will be 'on or before Sept 22, 2021'." Dkt. #63 at 5. Judge Tsuchida denied Plaintiff's motion, finding that it had already considered and rejected Plaintiff's argument that his health precludes him from viewing the video in the library. Dkt. #64. Judge Tsuchida also denied

ORDER DENYING PLAINTIFF'S MOTION
FOR EVIDENTIARY HEARING - 2

Plaintiff's request for a 45-day extension to file his response to Defendants' summary judgment motion but extended the deadline to no later than August 9, 2021. Plaintiff filed his response on August 5, 2021. Dkt. #65.

On August 5, 2021, Plaintiff filed the instant motion claiming that his response to Defendants' summary judgment is incomplete because he is still waiting to receive responses to his public records requests. He filed a revised motion on August 12, 2021 that attaches his response to Defendants' summary judgment motion. Dkt. #70. His motion summarizes the pending requests and asks this Court to "grant an Evidentiary Hearing and/or simply the additional time mccain requested and is being denied." *Id.* at 5. Plaintiff directs the Court to his surreply, Dkt. #58, filed in response to Defendants' motion on the surveillance video which he contends "has all the exhibits and information the court would need" to grant his requested relief. *Id.* The Court construes Plaintiff's motion as an objection to Judge Tsuchida's ruling dated July 28, 2021, which denied Plaintiff's request for another time extension and reset the noting date of the summary judgment motion for August 13, 2021. Dkt. #64 at 2.

### III.   DISCUSSION

A district court has jurisdiction to review a party's objections to a magistrate judge's order on non-dispositive matters. Fed. R. Civ. P. 72(a). The district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* For the reasons set forth below, the Court finds that Judge Tsuchida's order denying Plaintiff's request for another time extension was neither erroneous nor contrary to law.

Plaintiff objects to the August 13, 2021 noting date of the summary judgment motion on the basis that he has several pending public records requests, and Judge Tsuchida "is not allowing [Plaintiff] time to obtain them . . . ." Dkt. #70 at 5. Rule 6(b) of the Federal Rules of Civil

1  Procedure governs a request for a time extension before a deadline expires.  Rule 6 allows a court
2  to extend the time before a deadline elapses for "good cause."  Fed. R. Civ. P. 6(b)(1)(A).  Courts
3  recognize "good cause" as a "non-rigorous standard that has been construed broadly across
4  procedural and statutory contexts."  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th
5  Cir. 2010).  Rule 6(b)(1) is "liberally construed to effectuate the general purpose of seeing that
6  cases are tried on their merits."  *Id.* at 1258-59 (citations omitted).  Consequently, requests for
7  extension of time are typically granted "in the absence of bad faith on the part of the party seeking
8  relief or prejudice to the adverse party."  *Id.* at 1259 (citing 4B Charles Alan Wright & Arthur R.
9  Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)).

10  Granting Plaintiff's request for another time extension would cause undue prejudice to
11  Defendants.  As Judge Tsuchida acknowledged in his previous order, the disposition of
12  Defendants' summary judgment motion has already been subject to extensive delay due to "the
13  issue of Plaintiff's health and where the surveillance video should be viewed . . . ."  Dkt. #64 at 1-
14  2.  Plaintiff's motion, which seeks an evidentiary hearing to resolve whether his public records
15  requests seek necessary documents, sets forth no good cause for further delay.

16  As an initial matter, the basis for Plaintiff's extension request is to allow time for the Court
17  to hold an "evidentiary hearing."  *See* Dkt. #70.  However, evidentiary hearings serve to address
18  material disputes of fact and weigh credibility.  Resolving the question of whether Plaintiff's public
19  records requests seek necessary documents is not the appropriate subject of such a hearing.

20  Moreover, to the extent Plaintiff seeks additional time to receive his requested records,
21  discovery in this case closed more than seven months ago on December 21, 2020. Dkt. #16.  On
22  May 11, 2021, the Court granted Plaintiff until May 26, 2021 to view the video surveillance
23  evidence.  Dkt. #49 at 3.  However, it clarified that "to the extent plaintiff seeks an extension of

the trial and discovery deadlines *his motion is denied.*" *Id.* at 4 (emphasis added). The Court further noted that "the discovery deadline expired several months ago and plaintiff's motion sets forth no basis to re-open discovery at this time." *Id.* Plaintiff's instant motion disregards the Court's previous order by effectively seeking to re-open discovery and stay the dispositive motion deadline until he has received his responsive documents. *See* Dkt. #70 at 3-5 (requesting stay while awaiting receipt of additional video footage related to the alleged incident, records related to Defendant Neghmouche's employment history, including termination and complaints, emails between the Department of Corrections staff and the assigned Assistant Attorney General, and documents from the Indeterminate Sentence Review Board regarding prior decisions denying Plaintiff's release). He claims that the records he seeks have "tremendous value" and he "was diligently efforting to obtain [them]" to complete his response to Defendants' summary judgment motion. *Id.* at 4. This explanation does not justify his request to re-open discovery at this late stage.

For the foregoing reasons, the Court finds no error in Judge Tsuchida's order denying Plaintiff's time extension request and resetting the noting date for Defendant's summary judgment motion. The noting date will remain set for **August 13, 2021**. Accordingly, Plaintiff's Motion for Evidentiary Hearing, Dkt. #70, is DENIED. The Clerk is directed to send copies of this Order to the parties and to Judge Tsuchida.

DATED this 13th day of August, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION
FOR EVIDENTIARY HEARING - 5